J-S31037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN W. HINTON | : | |
| | : | |
| Appellant | : | No. 1686 WDA 2018 |

Appeal from the PCRA Order Entered October 30, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000661-2011

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED SEPTEMBER 24, 2019

John W. Hinton appeals from the dismissal as untimely of his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Hinton maintains that while his petition is facially untimely, he has satisfied at least two of the time-bar exceptions of the PCRA. We affirm.

The PCRA court aptly summarized the facts and procedural history of this case as follows:

> On February 9, 2012, [Hinton] pleaded guilty to three counts of aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(b). [Hinton] sexually assaulted three children who were in his care and custody between May 2010 and July 2011. At the time of incidents, the victims were 4, 5, and 8 years of age. [Hinton] was sentenced on June 14, 2012, to inter alia, 10 to 20 years' incarceration in a State Correctional Institution for each of the three counts to which [Hinton] pleaded guilty. This [c]ourt ordered that [Hinton's] sentences be served consecutively to one another, thereby creating an aggregate sentence of 30 to 60 years' incarceration in a State Correctional Institution.

[Hinton] did not file a post-sentence motion or direct appeal.

PCRA Ct. Op., filed 3/8/19, at 1. Hinton filed the instant petition on July 17, 2018, seeking relief under Alleyne v. United States, 133 S.Ct. 2151 (2013). The court appointed counsel who filed a Turner/Finley letter and a motion to withdraw as counsel.[1] The court granted counsel's motion and held a Grazier hearing.[2] The court then denied Hinton's petition as untimely, and also concluded that even if it were timely, Hinton would not be due relief under Alleyne. This timely appeal followed.

Hinton raises the following issues:

1. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act petition without a hearing by misapprehending the retrospective application in Commonwealth v. Hopkins, 117 A.3d 247 ([Pa.] 2015)[,] when it's [sic] paradigm, Alleyne v. United States, 133 S.Ct. 2151 (2013)[,] created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

2. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Hinton filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in Commonwealth v. Hopkins, 117 A.3d 247 ([Pa.] 2015)?

3. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when Mr. Hinton contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

_____

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

Hinton's Br. at 4 (proposed answered omitted).

When reviewing the denial of PCRA relief, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa.Super. 2018) (citations omitted). We conclude the PCRA court properly dismissed Hinton's PCRA petition as untimely.

A court lacks jurisdiction to address the merits of a PCRA petition filed more than one year after the judgment of sentence becomes final unless the petitioner pleads and proves at least one of three time-bar exceptions. Commonwealth v. Pursell, 749 A.2d 911, 913-14 (Pa. 2000). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Commonwealth v. Staton, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Hinton's judgment of sentence became final on July 16, 2012, when the time to file a direct appeal with this Court expired.[3] See Pa.R.A.P. 1113(a). Thus, he had until July 16, 2013, to file a timely petition. The instant petition, which Hinton filed five years after the deadline, is patently untimely and the

_____

[3] The 30th day after sentencing was a Saturday. Therefore, Hinton had until the following Monday to file a timely appeal. See Pa.R.A.P. 107 (making Chapter 19 of Title 1 of Pennsylvania Consolidated Statutes applicable to the Rules of Appellate Procedure); 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation").

PCRA court lacked jurisdiction to consider the petition unless Hinton pleaded and proved at least one of the time-bar exceptions. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

Hinton claims that he qualifies for two exceptions. First, Hinton contends that he pleaded and proved the newly-recognized constitutional right exception. See Hinton's Br. at 9; see also 42 Pa.C.S.A. § 9545(b)(1)(iii). This exception applies where either the United States Supreme Court or the Pennsylvania Supreme Court has held that a newly-recognized constitutional right applies retroactively. See 42 Pa.C.S.A. § 9545(b)(1)(iii).

Hinton maintains that "[he] must be afforded the constitutional right of retroactive application of Alleyne, due to fact that the 'new rule' announced is a 'substantive rule,' and therefore applies retroactively to cases on collateral review." Hinton's Br. at 14. This claim fails as neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that Alleyne applies retroactively. Indeed, our Supreme Court held just the opposite – that Alleyne does not apply retroactively to cases on collateral review. Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016). Thus, the newly-recognized constitutional right exception offers Hinton no relief.

Second, Hinton claims that he has satisfied the newly-discovered fact exception. This exception requires the petitioner to plead and prove that the facts supporting the merits claim were unknown to the petitioner and the petitioner could not have ascertained them with due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Hinton maintains that he "raises the 'newly discovered fact' of

his sentence becoming illegal in light of the Supreme Court of Pennsylvania's decision in Commonwealth v. Hopkins, 117 A.3d 247 ([Pa. 2015])." Hinton's Br. at 15.

This argument also warrants no relief, for several reasons. First, court decisions do not constitute "facts" for purposes of the newly-discovered fact exception. See Commonwealth v. Kretchmar, 189 A.3d 459, 467 (Pa.Super. 2018) (stating judicial decisions do not constitute new facts under Section 9545(b)(1)(ii)). Moreover, Hopkins has no application to Hinton's case. That case held a mandatory sentencing provision for delivering or possessing a controlled substance in a drug free school zone, 18 Pa.C.S.A. § 6317, unconstitutional under Alleyne. See Hopkins, 117 A.3d at 258. However, Hinton was not sentenced under Section 6317. The PCRA court did not err in denying Hinton's untimely PCRA petition. See Washington, 142 A.3d at 820.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2019